**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| Quantum Healing, LLC and<br>Candace Craw-Goldman<br><br>Plaintiffs,<br><br>v.<br><br>Quantum Healing Hypnosis Academy, LLC,<br>Julia Bazazzadegan, Nancy Vernon,<br>Dolores E. Cannon Living Trust,<br>and Ozark Mountain Publishing, LLC,<br><br>Defendants. | ) | Case No. 2:17-cv-2240 |

**COMPLAINT**

Plaintiffs Quantum Healing, LLC and Candace Craw-Goldman, for their Complaint against Defendants Quantum Healing Hypnosis Academy, LLC, Julia Bazazzadegan, Nancy Vernon, Dolores E. Cannon Living Trust, and Ozark Mountain Publishing, LLC (collectively, "Defendants"), state as follows:

**PARTIES**

1. Quantum Healing, LLC ("Quantum Healing") is a Kansas limited liability company with its principal place of business located in Augusta, Kansas. It is owned by Plaintiff Candace Craw-Goldman and her husband, Paul Thomas Goldman III.

2. Candace Craw-Goldman is an individual and a resident of the State of Kansas. She is the founder and managing director of the Dolores Cannon Quantum Healing Hypnosis Technique Support Forum and the owner and operator of the websites dolorescannonqhht.com, quantumhealingpractitioners.com, newearthjourney.com, qhht.vanillacommunities.com and quantumhealing.vanillacommunities.com.

3. Defendant Quantum Healing Hypnosis Academy, LLC (the "Academy"), is an Arkansas limited liability company with its principal place of business located in Huntsville, Arkansas.

4. Defendant Julia Bazazzadegan is a Manager of Defendant Quantum Healing Hypnosis Academy, LLC, a Manager of Ozark Mountain Publishing, LLC, and a trustee of Defendant Dolores E. Cannon Living Trust.

5. Defendant Nancy Vernon is a Manager of Defendant Quantum Healing Hypnosis Academy, LLC, and a trustee of Defendant Dolores E. Cannon Living Trust.

6. Defendant Dolores E. Cannon Living Trust is an Arkansas Trust.

7. Defendant Ozark Mountain Publishing, LLC ("OMP"), is an Arkansas limited liability company with its principal place of business located in Huntsville, Arkansas.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121 because the declaratory judgment claims arise under the Trademark Laws of the United States of America and more specifically under the Lanham Act of 1946 (15 U.S.C. § 1051 et seq.). This Court has jurisdiction over the tortious interference claims because such claims are joined with the substantially related trademark infringement claims. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is an action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest, attorneys' fees and costs.

9. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this District.

10. Among other claims, this is an action for declaratory judgement under 28 U.S.C. §§ 2201 and 2202 for the purpose of determining a question of actual controversy between the parties as more fully described below.

## STATEMENT OF FACTS

**Defendants' Threatened Litigation**

11. Plaintiffs provide services in the field of quantum healing and hypnosis. Quantum healing can be defined as "the ability of one mode of consciousness (the mind) to spontaneously correct the mistakes in another mode of consciousness (the body)," according to Deepak Chopra, author of *Quantum Healing* (1989).

12. One of the techniques used and practiced by Plaintiffs is the quantum healing hypnosis technique, also known by the acronym QHHT, a technique of hypnosis created in the late 1960's by famous hypnotherapist Dolores Cannon and refined throughout her lifetime. The quantum healing hypnosis technique is ubiquitously abbreviated by practitioners of the technique and by their patients as QHHT.

13. Craw-Goldman first became acquainted with QHHT and Cannon in April 2008. This hypnosis technique was then referred to as "the Dolores Cannon method of past life regression." Craw-Goldman participated in a training program offered by Cannon through the Academy in July of 2008 and became a QHHT practitioner. Over time, Craw-Goldman formed her own business, Quantum Healing, LLC, and developed a professional friendship with Cannon. She helped Cannon facilitate US workshops, jointly develop advanced workshops and referred many hundreds of others to Cannon's training program.

14. In December 2008, Plaintiff Craw-Goldman established the first Dolores Cannon Quantum Healing Hypnosis Technique Support Forum (the "Forum"), which at the time was named the Dolores Cannon Students Group. In February of 2012 the current version of the

Dolores Cannon QHHT Support Forum was established. From February of 2012 until February of 2017, the Forum could be accessed at qhht.vanillacommunities.com. From February 2017 to the present, the Forum can be accessed at quantumhealing.vanillacommunities.com.

15. The Forum serves as an online community for quantum healing practitioners to post, read and communicate with other quantum healing practitioners. The Forum provides guidance on the quantum healing method to its members, including webinars to enhance quantum healing skills and 24/7 advice from Forum moderators and other experienced quantum healing practitioners. The Forum also provides continuing education videos of Dolores Cannon responding to the questions of Forum members, which were produced solely for the Forum community during Dolores Cannon's lifetime, with her consent. In addition, the Forum provides marketing advice on building a quantum healing practice, listings of quantum healing practitioners, and access to prospective quantum healing clients.

16. The Forum originally charged its members a $22 monthly subscription fee. The fee was reduced to $10 a month in October of 2015. The Forum further serves as a gathering point for those who plan to continue to practice QHHT. The Forum contains over eight (8) years' worth of searchable data, answers, techniques and stories that can rapidly give the practicing facilitator important information. Once a user subscribes, they have full access to the Forum and these subscription fees are the sole source of revenue needed to cover the costs associated with the Forum.

17. During its operation the Forum has had almost 3 million page views, tens of thousands of original posts by quantum healing practitioners, and over 100,000 comments from quantum healing practitioners. The vast majority of these post and comments related to the

quantum healing hypnosis technique or QHHT, which were identified by the Forum's users as QHHT.

18. From December of 2008 until her death in October of 2014, Cannon provided continuous support for the Forum and QHHT through her active involvement answering questions, assigning time during training classes for Craw-Goldman to introduce the Forum and explain its value in a practitioners' continuing education, and producing videos exclusively for the members of the Forum community related to QHHT. In addition, Cannon participated in the annual Practitioner Reunion which, until 2016, was hosted by Craw-Goldman.

19. The Forum included references to Dolores Cannon and her QHHT methods, and also included photographs and other items. Cannon consented to Plaintiffs' use of all references to her, descriptions of her techniques, photographs and other items and, as such, she granted an implied license for use of the same by Plaintiffs.

20. Beginning in July 2012, Cannon recorded a series of instructional videos with Craw-Goldman that were made available to Forum subscribers through web links. All told, Cannon recorded seventeen (17) QHHT-related videos, plus two (2) additional marketing videos with Craw-Goldman, with the last one having been recorded in August 2014. All of these Cannon videos were recorded with her full participation and consent such that she granted Plaintiffs an implied, unlimited license to use and reproduce the videos.

21. On July 12, 2014, Craw-Goldman entered into a Letter of Agreement ("Agreement") regarding the Dolores Cannon Quantum Healing Hypnosis Technique Support Forum. The Agreement was designed to memorialize in writing the relationship between the parties which had existed for quite some time. It was executed on behalf of Cannon and her company by Julia Cannon Bazazzadegan on July 9, 2014. The Agreement was to be kept in

"strictest confidence" and, as such, it is incorporated by reference herein, and Plaintiffs seek leave to file it under seal as Exhibit A to this Complaint. The Agreement presents a stated purpose and assigned Craw-Goldman responsibilities related to the Forum. The Dolores Cannon Office also had responsibilities under the Agreement.

22. Dolores Cannon passed away on October 18, 2014.

23. In approximately February 2017, Defendants submitted takedown notices to Wix.com/GoDaddy and Vanilla Support Forums/RackSpace for the websites dolorescannonqhht.com (provided by Wix.com/GoDaddy) and qhht.vanillacommunities.com (provided by Vanilla Support Forums/RackSpace), alleging the websites were engaging in unauthorized use of Defendants' intellectual property and service marks. Defendants also demanded that the websites be removed.

24. On March 3, 2017, without prior notice, Craw-Goldman's website newearthjourney.com was removed from the internet. Upon information and belief, this removal was a direct result of a takedown notice Defendants submitted to Wix.com/GoDaddy alleging the website was engaging in unauthorized use of Defendants' intellectual property and service marks.

25. As a result of the removal of newearthjourney.com, Craw-Goldman was unable to conduct her quantum healing hypnosis practice for approximately one week, losing the ability to advertise her services to potential clients, schedule sessions with clients or receive payment from clients until she was able to set up a new website.

26. Defendants also contacted YouTube/Google demanding that Plaintiffs' posted videos be removed due to the use of QHHT and Cannon's image. As of the filing of this

Complaint, the videos have not yet been removed, although YouTube/Google indicated that it would investigate the matter.

27. As in immediate stopgap measure and not intended in any way as an admission of liability, the Forum moved from the URL of qhht.vanillacommunities.com to the URL of quantumhealing.vanillacommunities.com in January of 2017, and redirected qhht.vanillacommunities.com to quantumhealing.vanillacommunities.com.

28. After the Forum moved to its new website, Defendants contacted the host for quantumhealing.vanillacommunities.com, Vanilla Forums, Inc., and submitted a complaint to Vanilla Forums, Inc. alleging that the Forum was engaging in unauthorized use of Defendants' intellectual property and service marks, in violation of their rights, demanding that the Forum be removed.

29. Fortunately, to date, quantumhealing.vanillacommunities.com has not been removed by Vanilla Forums, Inc. However, Defendants successfully took down the redirect of qhht.vanillacommunities.com to quantumhealing.vanillacommunities.com, thus making it difficult for subscribers and others to locate the site on the internet.

30. Defendants also attempted to remove YouTube videos created and/or posted by Plaintiff Craw-Goldman by complaining to YouTube that Plaintiff Craw-Goldman's videos constitute unauthorized use of Defendants' intellectual property and service marks, in violation of their rights.

31. To date, and again as a measure taken to try to halt the improper enforcement of falsely claimed trademark and privacy rights and not in any way an admission of liability, Plaintiffs removed twelve (12) videos from You Tube's public listing edited out the term QHHT and Dolores Cannon from fifty-eight (58) videos, which had a significant negative impact on the

number of visitors to Craw-Goldman's YouTube channel. Craw-Goldman's YouTube channel was previously a significant source of client leads, allowing Craw-Goldman to connect with clients looking to schedule personal sessions.

32. On February 14, 2017, Rebecca Hurst, counsel for Defendants Quantum Healing Hypnosis Academy, LLC, Julia Bazazzadegan, Nancy Vernon, and the Dolores E. Cannon Living Trust, sent a letter to Plaintiff Craw-Goldman accusing her of infringing use of the purported service marks QHHT and QUANTUM HEALING HYPNOSIS TECHNIQUE. The letter also accused Craw-Goldman of wrongfully using the name, image and likeness of Cannon, citing a recently adopted Arkansas privacy law, Arkansas Code Section 4-75-11-1, *et seq.* Hurst demanded that Craw-Goldman cease using the purported service marks, alleging such use was unauthorized in violation of Defendants' rights and was likely to cause consumer confusion. Counsel further insisted Craw-Goldman cease all uses of Dolores's Cannon's name and image on the Forum and remove all uses of the alleged mark QHHT from the Forum. Hurst said that if Craw-Goldman did not comply with all demands in the letter, her clients would take "formal" action to prevent further alleged infringement and remedy all past infringements. Hurst also encouraged Craw-Goldman to immediately seek legal counsel.

33. The Arkansas privacy law went into effect on August 22, 2016 and "applies only to individuals maintaining a domicile or residence in the State of Arkansas on or after August 22, 2016." As indicated above, Cannon passed away in 2014, prior to the enactment of the law.

34. Given the serious nature of Defendants' allegations of infringement and the significant consequences that would occur if Defendants' demand that Plaintiffs cease using the terms QHHT and QUANTUM HEALING HYPNOSIS TECHNIQUE and the name, image and likeness of Dolores Cannon, Plaintiffs seek a declaration by this Court that they are entitled to

continue to use the terms QHHT and "Quantum Healing Hypnosis Technique," as well as the name, image and likeness of Dolores Cannon, in conjunction with their business.

**Academy's Improper Trademark Registration and Trademark Application**

35. Academy is the owner of U.S. Trademark Registration No. 5,003,146 for the alleged mark QHHT (the "Registration") in connection with "[e]ducational services, namely, providing training of hypnosis for certification in the field of hypnotherapy" in Class 41 ("Academy's Services"). The application was filed on December 9, 2015 and the Registration issued on July 19, 2016. The Registration claims a first use date of August 13, 2010 and a first use in commerce date of September 3, 2010 for Academy's Services.

36. Academy also owns U.S. Trademark Application Serial No. 87/325,025 for the alleged mark QUANTUM HEALING HYPNOSIS TECHNIQUE (the "Application") in connection with Academy's Services. The Application was filed on February 6, 2017 and, as of the filing of this Complaint, has not yet been assigned to an examining attorney at the U.S. Patent and Trademark Office. The Applicant claims a first use date of August 13, 2010 and a first use in commerce date of September 3, 2010 for Academy's Services.

37. The specific wording "quantum healing hypnosis technique" is merely descriptive or generic for Academy's Services, *i.e.*, "[e]ducational services, namely, providing training of hypnosis for certification in the field of hypnotherapy."

38. Craw-Goldman has used both the term "quantum healing hypnosis technique" and/or the acronym QHHT to refer generically to this technique since at least 2010, when the Forum first was established. Cannon herself in the answers she provided and the videos she produced for use on the forum used both of these terms generically to refer to her technique. In a video explaining the history of the technique, Cannon herself states that it is called the quantum

healing hypnosis technique or QHHT because "that's really what it is." That video is located at https://www.youtube.com/watch?v=9RJq6e4th-o&list=PL6CKSuW72Gw1X27bkiZhxTlkVQjKdr7RL. A transcript of the video is attached as Exhibit E.

39. Thus, both QHHT and "quantum healing hypnosis technique" identify for the relevant public a particular hypnosis technique and, therefore, are generic. An Internet search of QHHT revealed 201,000 occurrences of use of that term. *See* Exhibit B. An Internet search of "quantum healing hypnosis technique" revealed about 39,100 occurrences of use of that phrase. *See* Exhibit C.

40. A search using the Google search engine shows almost 6,000 hits to URLs that have QHHT as part of the domain name.

41. A consumer viewing Academy's alleged mark QHHT in connection with Academy's Services likely will recognize Academy's alleged mark QHHT as an acronym for the merely descriptive or generic wording it represents.

42. In fact, Defendants use "QHHT" and "quantum healing hypnosis technique" interchangeably. *See, e.g.*, Exhibit D.

43. Plaintiffs and others that practice and use quantum healing and hypnosis have a present and prospective right to use the terms "quantum healing hypnosis technique" and "QHHT" generically and/or descriptively in their business to identify this particular hypnosis technique .

44. Defendants have wrongfully threatened to enforce their purported rights in QHHT as a service mark against Plaintiffs and others. Upon information and belief, Defendants have done so solely with the intent to wrongfully thwart the ability of others to practice the techniques

learned from Dolores Cannon through her classes, for which payment was required, and otherwise interfere with their businesses.

45. Therefore, allowing the continued registration of QHHT has damaged and will continue to damage and Plaintiffs' and others that practice and use quantum healing and hypnosis as it would preclude practitioners from referring to QHHT by a common, generic name for such services.

**COUNT I**
**DECLARATORY JUDGEMENT OF**
**TRADEMARK INVALIDITY DUE TO DESCRIPTIVENESS**

46. Paragraphs 1-45 are incorporated herein by reference.

47. Defendant's mark QHHT, as set forth in the Registration, consists of a term, which, when used for the Defendant's services is merely descriptive of those services.

48. The letters QHHT are commonly recognized and used as an acronym that stands for the specific wording "quantum healing hypnosis technique." Quantum healing hypnosis technique is the common descriptive or generic term for a particular technique of hypnotic therapy being practiced by Defendants.

49. Moreover, Defendants' QHHT mark has not become distinctive of Defendants' Services in commerce, and Defendants' QHHT mark, as set forth in the Registration, is not a valid mark, identifying services originating only with Defendants.

50. Thus, Defendants' QHHT mark, as set forth in the Registration, should be found descriptive under Section 2(e) of the Lanham Act.

51. Plaintiffs have a valid and legal right to use the term that appears in Defendants' Registration to refer to Plaintiffs' services.

52. Plaintiffs are likely to be damaged by the continued registration of Defendants' mark, as set forth in the Registration, in that Defendants could assert that the prima facie effect of such registration impairs Plaintiff's right to use that same term and Defendants have used the Registration as a basis to accuse Plaintiffs of trademark infringement.

53. Therefore, pursuant to 15 U.S.C. §1119 the Registration should be cancelled.[1]

**COUNT II**
**DECLARATORY JUDGEMENT OF TRADEMARK INVALIDITY DUE TO GENERICNESS**

54. Paragraphs 1-53 are incorporated herein by reference.

55. Defendants' mark QHHT, as set forth in the Registration, consists of a term, which, when used for the Defendants' services is the generic, category name of a particular method of performing or practicing hypnosis, specifically the quantum healing hypnosis technique.

56. The letters QHHT are the commonly recognized acronym that is widely used in the quantum healing industry to stand for a specific technique used in quantum healing, specifically the quantum healing hypnosis technique.

57. The letters QHHT are commonly known to be an acronym that stands for the specific wording "quantum healing hypnosis technique." Quantum healing hypnosis technique is the common generic term for a particular technique for hypnotic therapy being practiced by Defendants and many other quantum healing practitioners. Therefore the acronym is likewise the common generic term for that technique.

58. The letters QHHT are generic in that the primary significance of that term to the relevant public is as the name for a particular quantum healing technique.

---

[1]Plaintiffs are filing concurrently herewith their Petition to Cancel Registration No. 5,003,146 with the U.S. Patent and Trademark Office.

59. Thus, Defendants' Mark, as set forth in the Registration, should be found generic under the Lanham Act.

60. Plaintiffs have a valid and legal right to use the term QHHT to refer to Plaintiffs' services.

61. Petitioner is likely to be damaged by the continued registration of Defendant's mark, as set forth in the Registration, in that Defendants have used the Registration as a basis to accuse Plaintiffs of trademark infringement.

62. Therefore, pursuant to15 U.S.C. §1119, the Registration should be cancelled.

**COUNT III**
**DECLARATORY JUDGEMENT OF TRADEMARK INVALIDITY DUE TO ABANDONMENT**

63. Paragraphs 1-62 are incorporated herein by reference.

64. Even if Defendants' QHHT mark could have, at one time, served to identify services originating with Defendants (although Plaintiffs contend that the term QHHT has always been descriptive or generic for these services), Defendants' QHHT mark has now lost any such significance.

65. If Defendants had previously owned any rights to the term, it has abandoned such rights due to a course of conduct that has caused the mark to lose any significance as an indication of source.

66. Therefore, pursuant to Section 45 of the Lanham Act, Defendants' QHHT mark, as set forth in the Registration, has been abandoned and fails to function as a valid trademark. The Registration is, therefore, subject to cancellation under 15 U.S.C. §1119.

**COUNT IV**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

67. Paragraphs 1-66 are incorporated herein by reference.

68. Defendants have no trademark rights in and to the terms QHHT and/or "quantum healing hypnosis technique" as these terms are the descriptive or generic designations for a particular hypnosis technique developed by Dolores Cannon. This technique is known as the "quantum healing hypnosis technique" or QHHT. These terms are needed in order to identify the technique itself and do not serve to identify any specific source or origin for the technique.

69. Defendants have no valid trademark rights in and to the name, image and likeness of Dolores Cannon.

70. Plaintiffs have been using the descriptive or generic terms "quantum healing hypnosis technique" and "QHHT" to describe and identify the particular hypnosis technique used by Dolores Cannon since at least as early as late 2010. During this time there have been no instances of actual confusion arising from the use of these terms as to the source, affiliation, connection or sponsorship with Defendants.

71. Plaintiffs have been using the name, image and likeness of Dolores Cannon in conjunction with the Quantum Healing Hypnosis Technique Support Forum and its related services, since at least as early as late 2008. During this time there have been no instances of actual confusion arising from the use of these terms as to the source, affiliation, connection or sponsorship with Defendants.

72. Plaintiffs' use of the descriptive or generic terms "quantum healing hypnosis technique" and "QHHT" and the name, image and likeness of Dolores Cannon in conjunction with the Quantum Healing Hypnosis Technique Support Forum and its related services, is not likely to cause consumer confusion, mistake, or deception as to the source of origin of these services in that the public and others are not likely to believe that Plaintiffs' services are provided by, affiliated with, sponsored by, endorsed or otherwise connected to Defendants.

73. Consumers are not likely to be confused as to the source, affiliation, sponsorship, or connection between Plaintiffs and Defendants through Plaintiffs use of the generic terms "quantum healing hypnosis technique" and "QHHT" to describe and identify the particular hypnosis technique used by Plaintiffs.

74. Consumers are not likely to be confused as to the source, affiliation, sponsorship, or connection between Plaintiffs and Defendants through Plaintiffs use of the name, image and likeness of Dolores Cannon in its business.

75. The use of the terms "quantum healing hypnosis technique" and "QHHT" and the use of the name, image and likeness of Dolores Cannon do not cause any damage to Defendants.

76. Plaintiffs' continued use of the terms "quantum healing hypnosis technique" and "QHHT" and the name, image and likeness of Dolores Cannon does not violate any right of Defendants under the Lanham Act, including but not limited to 15 U.S.C. §§ 1114 and 1125(a).

**COUNT V**
**DECLARATORY JUDGMENT OF NO VIOLATION OF STATE LAW**

77. Paragraphs 1-76 are incorporated herein by reference.

78. Plaintiffs' continued use of the of the terms "quantum healing hypnosis technique" and "QHHT" and the name, image and likeness of Dolores Cannon does not constitute unfair competition or deceptive practices in violation of Arkansas statutory or common law.

**COUNT VI**
**DECLARATORY JUDGMENT OF NO VIOLATION OF ARKANSAS PRIVACY LAW, ARKANSAS CODE SECTION 4-75-11-1, *ET SEQ.***

79. Paragraphs 1- 78 are incorporated herein by reference.

80. The Arkansas privacy law went into effect on August 22, 2016 and "applies only to individuals maintaining a domicile or residence in the State of Arkansas on or after August 22, 2016." As indicated above, Cannon passed away in 2014, prior to the enactment of the law.

81. Plaintiffs' use of the purported QHHT and QUANTUM HEALING HYPNOSIS TECHNIQUE service marks, as well as the name, image and likeness of Dolores Cannon in conjunction with the Quantum Healing Hypnosis Technique Support Forum and its related services, does not violate the Arkansas privacy statute under the terms of the statute itself, as well as under common law.

82. Any use by Plaintiffs of Cannon's name, image and likeness was with her full knowledge and consent.

83. Any use by Plaintiffs of Canon's name, image and likeness was and continues to be permitted by virtue of the implied license granted to Plaintiffs by Cannon.

**COUNT VII**
**TORTIOUS INTERFERENCE**

84. Paragraphs 1- 83 are incorporated herein by reference.

85. Plaintiff Craw-Goldman, a practitioner of QHHT, has a business relationship with her clients whereby she advertises her QHHT services on her website newearthjourney.com, provides QHHT services to clients during scheduled sessions, and derives an economic benefit through the receipt of fees for sessions with clients.

86. Plaintiff Craw-Goldman uses her website newearthjourney.com to schedule sessions with clients and receive payment from clients for her services.

87. Plaintiff Craw-Goldman reasonably expected that she would continue to schedule appointments with clients and receive payment from clients through her website newearthjourney.com until it was removed on March 3, 2017, which, upon information and

belief, occurred as a direct result of a takedown notice Defendants submitted to Wix.com/GoDaddy, wrongfully alleging the website was engaging in unauthorized use of Defendants' intellectual property and service marks.

88. Defendants knew of Craw-Goldman's use of her website newearthjourney.com to advertise her services, schedule sessions with clients, and receive payment from clients when, upon information and belief, they intentionally submitted a takedown notice to Wix.com/GoDaddy, wrongfully alleging the website was engaging in unauthorized use of Defendants' intellectual property and service marks, resulting in the removal of Craw-Goldman's website newearthjourney.com.

89. Upon information and belief, as a direct result of Defendants' submission of a takedown notice to Wix.com/GoDaddy, wrongfully alleging newearthjourney.com was engaging in unauthorized use of Defendants' intellectual property and service marks, newearthjourney.com was removed and Craw-Goldman was unable to advertise her services to clients, schedule sessions with clients or receive payment from clients, thereby losing client revenue, and was required to expend time and money building and launching a new website for her practice.

90. But for the actions of Defendants, Craw-Goldman was reasonably certain to have continued her business relationships with clients through her website newearthjourney.com, not lost the ability to schedule sessions with clients, and received revenue from clients.

91. Plaintiffs have a business relationship with the subscribers to the Forum, whereby subscribers to the Forum receive access to unique services and information provided by the Forum, and Plaintiffs derive an economic benefit through the receipt of monthly subscription fees from subscribers to the Forum.

92. Through the receipt of monthly subscription fees from subscribers to the Forum, Plaintiffs generated revenue from their operation of the Forum from February of 2012 to the present.

93. Plaintiffs were reasonably certain of continuing to realize those monthly fees, until they were forced to reduce the monthly subscription fee from $22 per month to $10 per month when Defendants threatened to have the Forum's websites taken down, when (1) Defendants successfully procured the removal of the Forum's website redirect, (2) the Defendants took down Craw-Goldman's personal website from which she procured clients, and (3) OMP launched a competitive site.

94. Defendants knew of Plaintiffs' operation of the Forum and Plaintiffs' receipt of monthly subscription fees from subscribers to the Forum when (1) Defendants had the Forum's websites taken down, (2) Defendants successfully procured the removal of the Forum's website redirect, and (3) OMP launched a competitive website.

95. Defendants acted intentionally when they contacted Wix.com/GoDaddy and Vanilla Support Forums/RackSpace, respectively, to have the Forum's websites removed when (1) they contacted Vanilla Support Forums/RackSpace to remove the Forum's website redirect, (2) they contacted Wix.com/GoDaddy to have Craw-Goldman's personal website taken down, and (3) OMP launched a competitive website.

96. As a direct result of Defendants' actions in having the Forum's original website taken down, having the Forum's website redirect removed, and launching a competitive website, Plaintiffs lost subscribers and monthly subscription fees.

97. But for the actions of Defendants, Plaintiffs were reasonably certain to have continued their business relationships with Forum subscribers, not lost subscribers to the Forum,

not reduced the Forum's monthly subscription fee to $10 per month, and continued to receive monthly subscription fees of $22 per month per subscriber to the Forum.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Quantum Healing, LLC and Candace Craw-Goldman respectfully pray that this Court enter a judgment as follows:

A. Declaring that use of the terms "quantum healing hypnosis technique" and "QHHT" and the name, image and likeness of Dolores Cannon in conjunction with Plaintiff's Quantum Healing Hypnosis Technique Support Forum and its related services, does not violate any of Defendants' rights under the trademark laws of the United States and state law;

B. Declaring that Plaintiffs have the right to use terms "quantum healing hypnosis technique" and "QHHT" and the name, image and likeness of Dolores Cannon in conjunction with the Quantum Healing Hypnosis Technique Support Forum and its related services, free from interference from Defendants, their officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting by, through, or on behalf of Defendants;

C. Declaring that Defendants, their officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting in concert or participation with Defendants be permanently enjoined from interfering with, or threatening to interfere with, use of the terms "quantum healing hypnosis technique" and "QHHT" and the name, image and likeness of Dolores Cannon in conjunction with the Plaintiffs Quantum Healing Hypnosis Technique Support Forum and its related services;

D. Declaring that U.S. trademark Registration No. 5,003,146 for the mark QHHT is invalid and should be cancelled;

E. Declaring that Defendants lack any ownership rights in the mark QHHT or U.S. trademark Registration No. 5,003,146 for the mark QHHT;

F. Declaring that Defendants lack any ownership or trademark rights in the term “quantum healing hypnosis technique” or in the name, image and likeness of Dolores Cannon;

G. Ordering Defendants to file an Express Abandonment of the pending trademark application Serial No. 87/325,025 for the alleged mark QUANTUM HEALING HYPNOSIS TECHNIQUE;

H. Declaring that Plaintiffs are not in violation of the Arkansas privacy law, Arkansas Code Section 4-75-11-1, *et seq.*

I. Declaring that Defendants are liable for Plaintiffs’ damages sustained as a result of Plaintiffs’ tortious interference, attorneys’ fees and costs; and

J. Granting such other and further relief as this Court deems just and equitable.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiffs designate Kansas City, Kansas as the place of trial in this action.

Dated: April 24, 2017

Respectfully submitted,

By: */s/ Joan K. Archer*

Joan K. Archer KS Bar # 15543
Christina M. Pyle KS Bar # 25019
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112-2551
Tel: 816.983.8000
Fax: 816.983.8080
joan.archer@huschblackwell.com
christina.pyle@huschblackwell.com

ATTORNEYS FOR PLAINTIFFS